Case 3:22-cv-01150-M   Document 1-2   Filed 05/25/22   Page 1 of 10   PageID 8

4/4/2022 2:15 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

2 CIT ESERVE

CAUSE NO. DC-22-03667 _____

| | | |
|---|---|---|
| RHONDA JEAN ARMSTER AND D'AREA IGHO-OSAJIE<br>*Plaintiff*<br><br>VS.<br><br>UNKNOWN DRIVER, AMAZON LOGISTICS INC., AND WANAAG TRANSPORT INC.<br>*Defendant* | § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br>162nd<br>\_\_\_\_JUDICIAL DISTRICT<br><br><br>DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, **RHONDA JEAN ARMSTER AND D'AREA IGHO-OSAJIE** ("Plaintiffs") complain of Defendants, **UNKNOWN DRIVER, AMAZON LOGISTICS INC., AND WANAAG TRANSPORT INC.**, ("Defendants") and for cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2. Plaintiff **RHONDA JEAN ARMSTER** is an individual resident of Texas.

3. Plaintiff **D'AREA IGHO-OSAJIE** is an individual resident of Texas

4. Defendant **UNKNOWN DRIVER** is an individual presumed to reside in Texas.

*Plaintiffs' Original Petition*

EXHIBIT 2

Page 1 of 9

5. Defendant **AMAZON LOGISTICS INC.** is a corporation doing business in Texas and may be served with process through its registered agent, CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCORPORATED, who may be served at 211 E. 7TH STREET, SUITE 620 AUSTIN, TX 78701 or wherever they may be found.

6. Defendant **WANAAG TRANSPORT INC.** is a corporation doing business in Texas and may be served with process through its registered agent, Mohamed Mohamed, who may be served at 124 Hwy 13 E, Suite 304, Burnsville, MN 55337 or wherever he may be found.

## III.
## JURISDICTION & VENUE

7. This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendants are Texas residents and/or do business in the State of Texas.

8. Venue is proper in Dallas County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Dallas County, Texas.

9. Venue is proper in Dallas County in this cause pursuant to § 15.002(a)(2) of the CIVIL PRACTICE & REMEDIES CODE because Plaintiffs **RHONDA JEAN ARMSTER AND D'AREA IGHO-OSAJIE** are residents of Dallas County, Texas.

## IV.
## FACTS

10. On or about June 24, 2020, Plaintiff **RHONDA JEAN ARMSTER** was operating her vehicle in a lawful manner while traveling in Dallas County, Texas, with Plaintiff **D'AREA IGHO-OSAJIE** as a passenger, when her vehicle was suddenly, violently, and without warning struck by Defendant **UNKNOWN DRIVER**, who was operating a tractor/trailer

owned or under the control of **AMAZON LOGISTICS INC., AND WANAAG TRANSPORT INC.** As a result of the collision and the Defendant's negligence, **RHONDA JEAN ARMSTER AND D'AREA IGHO-OSAJIE** sustained injuries.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT UNKNOWN DRIVER

**A.**   *NEGLIGENCE*

11. The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the Defendant **UNKNOWN DRIVER**, who operated the vehicle they were driving in a negligent manner by violating the duty which they owed the Plaintiff to exercise ordinary care in the operation of their motor vehicle in one or more of the following respects:

    a. failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b. failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c. operating his vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

    d. failing to turn the vehicle in an effort to avoid the collision in question; and

    e. failing to maintain her vehicle in proper working order.

12. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B.**   *NEGLIGENCE PER SE*

13. Further, pursuant to the negligence *per se* doctrine, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, §545.152, which mandates that:

### §545.351 MAXIMUM SPEED REQUIREMENT

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

   (1) May not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

   (2) Shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

   (1) The operator is approaching and crossing an intersection or railroad grade crossing;

   (2) The operator is approaching and going around a curve;

   (3) The operator is approaching a hill crest;

   (4) The operator is traveling on a narrow or winding roadway; and

   (5) A special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

14. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence and negligence *per se* which proximately caused the collision and injuries and other losses as specifically set forth herein.

## CAUSE OF ACTION AGAINST AMAZON LOGISTICS INC.

**A. RESPONDEAT SUPERIOR**

15. At all relevant times, Defendant **UNKNOWN DRIVER** was the agent or employee of Defendant **AMAZON LOGISTICS INC.** and was acting within the course and scope of his employment or agency. As such, **AMAZON LOGISTICS INC.** is vicariously liable for the above-referenced negligence and negligence *per se* of Defendant **UNKNOWN DRIVER.**

    **B. NEGLIGENT ENTRUSTMENT**

16. On information and belief, Defendant **AMAZON LOGISTICS INC.** was negligent in the hiring and delegation of driving duties to Defendant **UNKNOWN DRIVER**:

    a. by failing to exercise due diligence in the hiring and employment of **UNKNOWN DRIVER**, including without limitations failing to review, or negligently reviewing, **UNKNOWN DRIVER'S** driving record;

    b. by failing to properly monitor Defendant **UNKNOWN DRIVER'S** on-the-job driving.

17. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries suffered and damages sustained by Plaintiff.

**CAUSE OF ACTION AGAINST
WANAAG TRANSPORT INC.**

**A. RESPONDEAT SUPERIOR**

18. At all relevant times, Defendant **UNKNOWN DRIVER** was the agent or employee of Defendant **WANAAG TRANSPORT INC.** and were acting within the course and scope of his employment or agency. As such, **WANAAG TRANSPORT INC.** is vicariously

liable for the above-referenced negligence and negligence *per se* of Defendants **UNKNOWN DRIVER.**

### B. NEGLIGENT ENTRUSTMENT

19. On information and belief, Defendant **WANAAG TRANSPORT INC.** was negligent in the hiring and delegation of driving duties to Defendant **UNKNOWN DRIVER**:

    a.  by failing to exercise due diligence in the hiring and employment of **UNKNOWN DRIVER**, including without limitations failing to review, or negligently reviewing, **UNKNOWN DRIVER'S** driving record;

    b.  by failing to properly monitor Defendant **UNKNOWN DRIVER'S** on-the-job driving.

20. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries suffered and damages sustained by Plaintiff.

## VI.
## DAMAGES

21. As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **RHONDA JEAN ARMSTER AND D'AREA IGHO-OSAJIE** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff **RHONDA JEAN ARMSTER AND D'AREA IGHO-OSAJIE'S** health and well-being. As a further result of the nature and consequences of his injuries, Plaintiff **RHONDA JEAN ARMSTER AND D'AREA IGHO-OSAJIE** has suffered and may continue to suffer into the future, physical pain and mental anguish.

22. As a further result of all of the above, Plaintiff **RHONDA JEAN ARMSTER AND D'AREA IGHO-OSAJIE** has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

23. Plaintiff **RHONDA JEAN ARMSTER AND D'AREA IGHO-OSAJIE** has also suffered losses and damages to his personal property, including but not limited to damage to her vehicle for which he has never been compensated.

24. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

25. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00)** but not more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

26. Plaintiff further requests both pre-judgment and post-judgment interest on all their damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

27. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## X.
## NOTICE OF SELF-AUTHENTICATION

28. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## DESIGNATED E-SERVICE EMAIL ADDRESS

29. The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: service@bushlawgrp.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XIII.
## PRAYER

30. **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

   1. Pain and suffering in the past;
   2. Pain and suffering in the future;
   3. Mental anguish in the past;
   4. Mental anguish in the future;
   5. Past medical expenses;
   6. Future medical expenses;
   7. Physical impairment in the past;
   8. Physical impairment in the future;
   9. Physical disfigurement in the past;
   10. Physical disfigurement in the future;
   11. Lost wages in the past;

12. Loss of future wage-earning capacity;
13. Property damage;
14. Loss of use;
15. Special damages, including loss of household services and other expenses;
16. Pre-judgment interest; and
17. Post-judgment interest.

Respectfully submitted,

**BUSH & BUSH LAW GROUP**

**/s/CHARLES BUSH**

Charles Bush
Texas Bar No. 24096028
Email: cbush@bushlawgrp.com
Smaranda Draghia-Hobbs
Texas Bar No. 24102962
Email: shobbs@bushlawgrp.com
3710 Rawlins Street, Suite 1420
Dallas, Texas 75219
Telephone: (214) 615-6394
Facsimile: (833) 817-6428
**E-service only:** service@bushlawgrp.com
**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Smaranda Hobbs on behalf of Smaranda Hobbs
Bar No. 24102962
shobbs@bushlawgrp.com
Envelope ID: 63235258
Status as of 4/8/2022 11:35 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Charles Bush | | service@bushlawgrp.com | 4/4/2022 2:15:56 PM | SENT |
| Charles JonathanBush | | cbush@bushlawgrp.com | 4/4/2022 2:15:56 PM | SENT |
| Rhonda Herbert | | rherbert@bushlawgrp.com | 4/4/2022 2:15:56 PM | SENT |
| Smaranda Hobbs | | shobbs@bushlawgrp.com | 4/4/2022 2:15:56 PM | SENT |